```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| CADE MILLER AND COLE MILLER, | ) ) ) | |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 2:19-cv-2020-SHM-atc |
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, | ) ) ) ) | JURY DEMANDED |
| Defendant. | ) ) | |

**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is Plaintiffs Cade Miller and Cole Miller's ("Plaintiffs") December 8, 2020 Motion to Alter and/or Amend the Court's Judgment, or in the alternative, Motion for Relief from Judgment (the "Motion"). (D.E. No. 71.) On December 9, 2020, Defendant Nationwide Affinity Insurance Company of America ("Affinity") responded. (D.E. No. 75.) On December 16, 2020, Plaintiffs filed a motion to file a reply. (D.E. No. 76.) On December 17, 2020, Plaintiffs filed an amended motion to file a reply. (D.E. No. 77.) During a telephone status conference on April 15, 2021, the Court granted Plaintiffs' motion to file a reply, giving Plaintiffs until April 30, 2021. (D.E. No. 79.) The reply is not due, but the Court does not need the reply to

decide the Motion. For the following reasons, the Motion is GRANTED.

On November 3, 2020, Plaintiffs filed a Notice of Settlement representing that the claims of Cade Miller, Cole Miller, and Sarah Holloway had been settled against Donald Giamanco only. (D.E. No. 67.) On November 9, 2020, Plaintiffs filed a Stipulation of Dismissal of their claims against Giamanco only. (D.E. No. 68.) Pursuant to that Stipulation, on November 10, 2020, the Court entered an Order of Dismissal with Prejudice of the claims against "Defendant." (D.E. No. 69.) Also on November 10, 2020, the Court entered a Judgment, "in accordance with" the Order of Dismissal with Prejudice (the "Judgment"). (D.E. No. 70.) The Judgment was filed so that the case was closed. (See id.)

On December 8, 2020, Plaintiffs filed the Motion. (D.E. No. 71.) Sarah Holloway never made a claim against Affinity and so does not join the Motion. (See D.E. No. 1.) Plaintiffs argue that they never stipulated that their claim against Affinity had been resolved. (Id. at 183.) They seek an amendment or alteration to the Judgment under Federal Rule of Civil Procedure 59(e), or, in the alternative, relief from the Judgment under Federal Rule of Civil Procedure 60(a), so that they can proceed with their claim against Affinity. (Id. at 183-84.)

2

Affinity responded on December 9, 2020. (D.E. No. 75.) It argues the merits of the case and says that Affinity did not insure Plaintiffs, that Plaintiffs fall into an exclusion from coverage, and that Affinity's liability is limited to Giamanco's liability. (See id.) Affinity argues that the Motion should be denied because there is no basis for Plaintiffs to recover against Affinity. (Id. at 195.)

"It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." American Trucking Ass'ns v. Frisco Transp. Co., 358 U.S. 133, 145 (1958). "[W]henever" a "clerical mistake or a mistake arising from an oversight or omission" is found in a judgment, "[t]he [C]ourt may correct" it. Fed.R.Civ.P. 60(a).

A clerical mistake was made in this case. That is apparent from the filings. A stipulation of dismissal as to Giamanco only was filed, and the Court entered an order giving effect to that stipulation. (See D.E. Nos. 68, 69.) The Judgment was entered in accordance with the order giving effect to the stipulation. (See D.E. No. 70.) The Judgment was as to Giamanco only and should not have closed the case as to Affinity.

The Court has the power and the duty to correct the clerical mistake in its Judgment. It would abuse its discretion to fail to correct the Judgment, which is "at odds with what the court

3

intended to accomplish." Richards v. Ohio Civil Serv. Employees Ass'n, 205 F. App'x 347, 355 (6th Cir. 2006).

The Motion under Federal Rule of Civil Procedure 60(a) for relief from the Judgment is GRANTED. An Amended Judgment will be filed. The case against Affinity will proceed.

SO ORDERED this 27th day of April, 2021.

                                      */s/ Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE