IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CADE MILLER and COLE MILLER, | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2-19-cv-02020-SHM-atc |
| DONALD A. GIAMANCO, | ) ) | |
| Defendant. | ) ) ) | |

**ORDER GRANTING AFFINITY'S MOTION FOR SUMMARY JUDGMENT**

This is an insurance case. The Court has dismissed Defendant Donald A. Giamanco. (ECF No. 69.) Now before the Court is Defendant Nationwide Affinity Insurance Company of America's ("Affinity")[1] Motion for Summary Judgment (the "Motion"). (ECF Nos. 85; 86.) Plaintiffs Cole Miller and Cade Miller (the "Millers") have filed a Response. (ECF Nos. 104; 105.) Affinity has filed a Reply. (ECF Nos. 106; 107.) For the following reasons, Affinity's Motion is **GRANTED**, and the case is **DISMISSED**.

---

[1] In pleadings and in briefing, Affinity asserts that it has not been properly served, is not named in the Complaint, and is not a defendant. It has not moved to dismiss on those grounds. Affinity has acted as a defendant and has been treated as a defendant throughout this action. (See ECF Nos. 81, 83.) The Clerk of Court is **DIRECTED** to amend the caption to include Affinity as a defendant.

**I.   Background**

The Millers seek to recover uninsured motorist/underinsured motorist ("UM/UIM") benefits for damages resulting from an automobile accident. At the time of the accident, the Millers were occupants of a 2008 Chevrolet Tahoe. (ECF No. 107 ¶ 1.) Cole Miller and Cade Miller are brothers. (ECF No. 105-1 ¶ 11.) The 2008 Tahoe was Cole Miller's regular use vehicle. (ECF No. 105-1 ¶ 13.) Gary Miller, the Millers' father, had two insurance policies: 1) Policy Number 6341J026987 issued by Nationwide General Insurance (the "Nationwide Policy"); and 2) Policy Number 6341D 245225, issued by Affinity (the "Affinity Policy"). (ECF No. 107 ¶¶ 3-5). The Millers have exhausted UM/UIM benefits provided under the Nationwide Policy. (ECF No. 107 ¶ 5.) They now seek UM/UIM benefits under the Affinity Policy.

In a section entitled "Uninsured Motorist-Bodily Injury," the Affinity Policy states:

> [Affinity] will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the:
>
>   1. ownership;
>   2. maintenance; or
>   3. use;
>
> of the uninsured motor vehicle.

(ECF No. 105-1 ¶ 8) (the "UM/UIM Coverage Provision"). In a subsection entitled "Coverage Exclusions," the Policy states:

> This coverage does not apply to:
>
> . . . .
>
> 4. Bodily injury suffered while occupying a motor vehicle:
>
>  a) owned by;
>  b) furnished to; or
>  c) available for the regular use of;
>
> you or a relative, but not insured for Auto Liability coverage under this policy. It also does not apply to bodily injury from being hit by any such motor vehicle.

(ECF No. 105-1 ¶ 9) (the "UM/UIM Exclusion Provision").

In a separate section entitled "Auto Liability," the Affinity Policy provides coverage for "damage or injury to others caused by your auto[.]" (ECF No. 86-5, PageID 308) (the "Auto Liability Provision"). That coverage extends to persons owning, operating, or loading the vehicles listed in the Policy's declarations and their relatives. (ECF No. 86-4, PageID 307-08.) The declarations to the Affinity Policy do not list the 2008 Tahoe as an insured vehicle. (ECF No. 86-3, PageID 303-06.)

## II. Jurisdiction and Choice of Law

The Court has diversity jurisdiction under 28 U.S.C. § 1332. A federal district court has original jurisdiction of all civil actions between citizens of different states "where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

The Millers are citizens of Tennessee. (ECF No. 1 ¶¶ 4, 5.) Affinity is an Ohio corporation and has its principal place of business in Columbus, Ohio. There is complete diversity. See 28 U.S.C. § 1332(a)(1) (diversity exists when the parties are citizens of different states). The Millers allege that the amount in controversy exceeds $75,000. (ECF No. 1 ¶ 1.) "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); see also Charvat v. NMP, LLC, 656 F.3d 440, 447 (6th Cir. 2011). The amount in controversy is satisfied. See 28 U.S.C. § 1332(a)(1).

Federal courts sitting in diversity apply the choice-of-law rules of the forum state. See Performance Contracting Inc. v. DynaSteel Corp., 750 F.3d 608, 611 (6th Cir. 2014); Mountain Laurel Assurance Co. v. Wortham, No. 217CV02660TLPTMP, 2018 WL 5269829, at *3 (W.D. Tenn. Oct. 23, 2018). Where insurance contracts do not have a choice-of-law provision, "Tennessee courts apply the substantive law of the state in which the policy was issued and delivered." See Standard Fire Ins. Co. v. Chester-O'Donley & Assocs., Inc., 972 S.W.2d 1, 5 (Tenn. Ct. App. 1998); see also Tenn. Code Ann. § 56-7-102 ("[E]very contract [issued by any insurance company doing business in Tennessee] shall be held as

4

made in [Tennessee] and construed solely according to the laws of [Tennessee]."). The Affinity Policy does not have a choice-of-law provision. It was issued and delivered in Tennessee. (ECF No. 86-3, PageID 303.) The Court applies Tennessee substantive law.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(a), a court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of its case. See Fed. R. Civ. P. 56(c)(1); Peeples v. City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for her.'" EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (en banc) (quoting Chappell v. City of Cleveland, 585 F.3d 901, 913 (6th Cir. 2009)). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Lossia v. Flagstar Bancorp, Inc.,

5

895 F.3d 423, 428 (6th Cir. 2018) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

## IV. Analysis

The Millers argue that the Affinity Policy's UM/UIM Exclusion Provision is ambiguous and should be interpreted in favor of coverage. Under Tennessee law, courts construe insurance policies "using the same tenets that guide the construction of any other contract." Garrison v. Bickford, 377 S.W.3d 659, 664 (Tenn. 2012). "The language of the policy must be taken and understood in its plain, ordinary and popular sense." Lammert v. Auto-Owners (Mut.) Ins. Co., 572 S.W.3d 170, 173 (Tenn. 2019). Policies are construed "as a whole in a reasonable and logical manner and the language in dispute should be examined in the context of the entire agreement." Garrison, 377 S.W.3d at 664 (internal quotations and citations omitted).  "[C]ontracts of insurance are strictly construed in favor of the insured, and if the disputed provision is susceptible to more than one plausible meaning, the meaning favorable to the insured controls." Id. However, a "strained construction may not

6

be placed on the language used to find ambiguity where none exists." Farmers-Peoples Bank v. Clemmer, 519 S.W.2d 801, 805 (Tenn. 1975). "Contract language will not be considered ambiguous . . . merely because the parties differ as to their interpretation of the language." BSG, LLC v. Check Velocity, Inc., 395 S.W.3d 90, 93 (Tenn. 2012).

The UM/UIM Exclusion Provision is unambiguous. It applies to injuries sustained by a claimant while occupying a vehicle, made available for regular use to the claimant or the claimant's relative, that is not covered by the Auto Liability Provision. The Miller brothers sustained injuries while occupying the 2008 Tahoe, which was made available for Cole Miller's regular use. The 2008 Tahoe was not listed in the Affinity Policy's declarations and was not covered by the Auto Liability Provision. The Millers' injuries satisfy the conditions of the Policy's UM/UIM Exclusion Provision.

The Millers argue that a reasonable person could read the UM/UIM Coverage Provision to provide auto liability coverage—i.e., UM/UIM coverage is a type of auto liability coverage because it applies to damage caused by a motor vehicle. The Millers argue that they satisfy the conditions of the UM/UIM Coverage Provision and, therefore, have auto-liability coverage under the Affinity Policy that exempts them from the UM/UIM Exclusion Provision. The Millers also argue that the Exclusion Provision could have explicitly stated that UM/UIM coverage was limited to the vehicles

7

listed in the Policy's declarations. They assert that Gary Miller believed that the Affinity Policy covered the Millers' injuries.

The construction that the Millers give the UM/UIM Exclusion Provision is not persuasive when considered in the context of the entire agreement. See Garrison, 377 S.W.3d at 664. The capitalized phrase "Auto Liability" in the UM/UIM Exclusion Provision is a reference to the Affinity Policy's Auto Liability Provision. If the Court interpreted the UM/UIM Coverage Provision to provide "Auto Liability" coverage as that phrase is used in the Policy, it would make the Exclusion Provision surplusage. All claims that satisfied the conditions of the UM/UIM Coverage Provision would establish "Auto Liability" coverage and would be exempt from the UM/UIM Exclusion Provision. Under the Millers' construction, the UM/UIM Exclusion Provision would have no function. See Johnson v. State Farm Fire & Cas. Co., 572 F. Supp. 3d 454, 459 (W.D. Tenn. 2021) (finding insurance contract unambiguous where construction offered by the plaintiffs would create surplusage). The language in the Exclusion Provision is clear. Affinity had no obligation to make it clearer. Gary Miller's subjective understanding is not relevant to whether the Exclusion Provision is ambiguous. See Check Velocity, 395 S.W.3d at 93.

The Tennessee Court of Appeals reviewed identical UM/UIM exclusion provisions in Gillard v. Taylor, 342 S.W.3d 492, 495 (Tenn. Ct. App. 2009) and Shepherd v. Fregozo, 175 S.W.3d 209, 212

8

(Tenn. Ct. App. 2005). In both cases, the Court of Appeals focused on the meaning of the phrase "regular use" and ultimately enforced the exclusion provisions. See Shepherd, 175 S.W.3d at 226 (applying Tennessee law); Gillard, 342 S.W.3d at 500 (applying Tennessee law). Although the Court of Appeals did not reach the issue of whether the exclusion provisions were unambiguous in their entirety, the fact that the Court of Appeals enforced the provisions supports this Court's conclusion that the Affinity Policy's UM/UIM Exclusion Provision is unambiguous.

**V.  Conclusion**

Affinity's Motion is **GRANTED**. Because there are no remaining defendants, the case is **DISMISSED**.

SO ORDERED this 15th day of August, 2022.

                                        */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE